**Drs. James and Aktina POSEY, Individually and d/b/a Chiropractic Health Center of Corpus Christi, Appellants,**

v.

**SOUTHWESTERN BELL YELLOW PAGES, INC. and Southwestern Bell Media, Inc., Appellees.**

No. 13–93–010–CV.

Court of Appeals of Texas, Corpus Christi.

May 26, 1994.

Craig S. Smith, Smith & Edwards, Max J. Luther, III, Corpus Christi, for appellants.

David W. Green, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a summary judgment. Drs. James and Aktina Posey sued Appellees under multiple theories for alleged damages arising from an incorrectly published yellow page advertisement. The trial court ruled that the Poseys take nothing under any cause of action except breach of contract, that due to express liability limitations in the contract they recover from Appellees only the cost of the ad plus prejudgment interest and court costs, and that the Poseys could not recover attorney's fees. By eleven points, the Poseys assert that the summary judgment was erroneously granted. We affirm in part and reverse in part.

### Factual Background

The Poseys purchased a yellow page advertisement for their chiropractic business in 1988 which listed their business name, "Chiropractic Health Center," their individual names, their office hours, address, and their telephone number. In late 1988, the Poseys contracted with Appellees to have essentially the same ad published in the 1989 yellow page directory.[1] When the directory was published, the Poseys were listed in the yellow pages, however, their names were printed under the name "Chiropractic Health Services," the name of a competitor's clinic. The ad listed the competitor's address and phone number, not the address and phone number of the Poseys' clinic.[2] When contacted about

---

1. The "Advertising Copy Sheet" signed by Dr. James Posey reflects that some modifications were made to the 1988 advertisement relating to the Poseys' hours of operation.

2. The Poseys contracted for other yellow page listings which were properly printed and are not at issue here.

the error, Appellees relieved the Poseys of their responsibility to pay for the ad ($570.00) and offered a $570.00 credit towards advertising in the 1990 directory. Appellees contend that this offer represents the limit of their liability under the express terms of the contract.[3] The Poseys filed suit asserting theories of negligence, breach of the duty of good faith and fair dealing, and breach of contract. Additionally, the Poseys claimed that Appellees' actions violated provisions of the Texas Deceptive Trade Practices Act (DTPA). *See* TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987 & Supp. 1994). The Poseys claimed that the error in advertising caused not only lost future profits, but also harm to their ongoing business due to the ad's alleged effect of directing patients (past and prospective) to a competitor.

Appellees moved for summary judgment arguing that the Poseys had but a single cause of action for breach of contract. Appellees admitted liability for breach of contract and asserted that the contractual waiver limited their liability to $570.00. The trial court agreed and on that basis granted summary judgment.

### Standard of Review

■ To secure a summary judgment the movant has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993) (citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675–76 (Tex.1979)). *See also Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546,

548–49 (Tex.1985). A defendant may accomplish this by uncontroverted, competent evidence that negates, as a matter of law, at least one element of the plaintiff's cause of action. *Wornick*, 856 S.W.2d at 733 (citing *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989)). In reviewing a summary judgment, evidence favorable to the non-movant will be taken as true with all doubts resolved and every reasonable inference indulged in his favor. *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex.1987)).

### Negligence

By points one and four, the Poseys claim a viable action for negligence with damages recoverable from Appellees unfettered by the limitations clause in the contract. We construe point two as an assertion that Appellees have failed to negate even one essential element of the negligence claim.

Appellees cite *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493 (Tex.1991), for the proposition that the Poseys' claim for negligence is precluded as a matter of law. We disagree. In *DeLanney*, the plaintiff sued to recover lost profits due to the total failure of the telephone company to publish his yellow page advertisement. *Id.* at 493. The court concluded that because the duty to publish the ad arose solely from the contract between the parties, the failure to publish was not a tort. *Id.* at 495. *See also Southwestern Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 577 (Tex.1991) (claim of lost profits for failure to publish advertisement is cognizable in contract, but not in tort).

---

**3.** Language on the face of the contract refers the advertiser to the terms and conditions on the reverse side and reads in part:

   **3. Disclaimer of Warranties and Limitation of Publisher's Liability.**

   (a) Publisher intends to use its best efforts to ensure that all advertising is published in accordance with this Agreement, but Publisher acknowledges and Advertiser agrees that errors, omissions, delays or other mishaps may sometimes occur. Publisher sets rates and accepts business only upon the basis that Publisher is under no liability in such a case, except as provided herein.

   (b) ACCORDINGLY, IT IS A FUNDAMENTAL TERM OF THIS AGREEMENT AND AD-

VERTISER AGREES THAT PUBLISHER'S LIABILITY IN MONEY DAMAGES SHALL RELATE TO THE DEGREE OF ERROR MADE IN CONTEXT TO THE TOTAL ADVERTISING, BUT IN NO EVENT SHALL SUCH LIABILITY EXCEED AN AMOUNT EQUAL TO THAT PAID FOR THE ITEMS OF ADVERTISING OMITTED, OR IN WHICH THE ERROR OCCURS, FOR THE ISSUE LIFE OF THE DIRECTORY. PUBLISHER SHALL NOT BE REQUIRED TO CORRECT ANY ERROR OR OMISSION IN THE ADVERTISING, NOR TO GIVE ANY NOTICE TO USERS OF ANY ERROR OR OMISSION.

In the instant case, Appellees did not merely fail to publish the Poseys' advertisement. Appellees printed an ad listing the Poseys' names with the address and phone number of a competitor.

Here the Poseys are attempting to recover "loss of income" not just because Appellees breached the advertising contract but additionally because Appellees "directed business to a competing chiropractic clinic."[4]

■ In determining whether the Poseys' are limited to an action on the contract or whether they may assert an action in tort we inquire 1) whether Appellees' conduct would give rise to liability independent of the fact that a contract exists between the parties and 2) whether the nature of the Poseys' injury is something more than the mere loss of the benefit of the bargain. *See DeLanney,* 809 S.W.2d at 494. We determine that the Poseys are not limited to a contract claim. Had there been no contract between the parties, we are unable to say, as a matter of law, that Appellees had no duty to refrain from publishing the Poseys' names in conjunction with the name, address, and telephone number of a competing chiropractic clinic. Additionally, the nature of the injury alleged by the Poseys is not confined to loss of referrals anticipated by a correct listing in the yellow pages, but also includes a claim of disruption to the Poseys' existing business and patient flow. Both parties relied on the deposition of Dr. James Posey as summary judgment proof. That deposition with its accompanying exhibits reveals that the Poseys' mail was missent or misdelivered to the competitor and that patients were confronted with obstacles in attempts to reach the Poseys for chiropractic services. We hold that the Poseys' negligence cause of action is not precluded as a matter of law. *See Id.*

■ Having relied solely on the theory that the Poseys' negligence claim was foreclosed as a matter of law, Appellees failed to negate any essential element of the negligence cause of action. *See Wornick,* 856 S.W.2d at 733. And while damages recoverable in an action based on contract might be confined to the limitation expressed in the contract, such a limitation of liability clause is unenforceable against a claim of negligence. *Reuben H. Donnelley Corp. v. McKinnon,* 688 S.W.2d 612, 616 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Therefore, it was error for the trial court to grant summary judgment for Appellees on the Poseys' negligence claim and error to limit recovery to the terms of the limitation of liability clause. We sustain Appellants' points one, two, and four.

### Breach of Good Faith and Fair Dealing

■ By their third point of error, the Poseys complain that summary judgment was improper because Appellees breached the duty of good faith and fair dealing. The Poseys argue that Appellees did not specifically address this breach of duty in their motion for summary judgment. The trial court, however, ruled that the Poseys take nothing under any cause of action other than breach of contract. "Granting a motion for summary judgment on causes of action not addressed in the motion is reversible error." *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex. 1993) (citing *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983)). It was error to grant summary judgment on this cause of action when it was not addressed in Appellees' motion. *See id.* at 591.

Appellees argue on appeal that the Poseys' pleadings alleged that the "negligence" of Appellees constituted the breach of good faith and fair dealing. Appellees assert that this issue was subsumed by the negligence issue and therefore was properly addressed in their motion within the negligence ground. We have rejected Appellees' contention that a negligence claim is precluded on these facts. Appellees offered no independent ground in their motion for summary judgment which would entitle them to judgment as a matter of law on the good faith, fair dealing cause of action. Therefore, we sustain the Poseys' third point of error to the extent that it concerns the impropriety of granting summary judgment on a cause not addressed in the motion. *See id.* It is un-

---

4. We reject Appellees' contention that the Poseys have pled nothing more than economic loss from the referrals they "anticipated" as a result of a correct ad in the yellow pages.

necessary to address the underlying merits of point three. Tex.R.App.P. 90(a).

## DTPA

The Poseys' points five through eight assail the trial court's foreclosure of their DTPA action.

■ By point seven, the Poseys assert that the limitation of liability clause is unenforceable as a matter of law in a DTPA cause of action. Appellees concede that the limitation clause is not effective to limit damages in a DTPA action except one brought under the breach of warranty provision.[5] *See FDP Corp.*, 811 S.W.2d at 576–77. *See also* Tex. Bus. & Com.Code Ann. § 17.42 (Vernon Supp. 1994) (waiver of DTPA provisions by consumer is generally unenforceable and void). We sustain the Poseys' seventh point to the extent that it deals with DTPA causes other than for breach of warranty.

■ By point eight, the Poseys claim that the mere inclusion of the limitation of liability clause in the advertising contract is itself a separate violation of the DTPA because such a clause allegedly represents that "an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." *See* Tex. Bus. & Com.Code Ann. § 17.46(b)(12) (Vernon 1987 & Supp.1994).[6] The clause itself allegedly presents a fact issue. We disagree.

The Poseys cite no authority for this proposition. It is clear that liability limitation clauses cannot be utilized to prevent a consumer from seeking recovery under the DTPA. *See* Tex.Bus. & Com.Code Ann. § 17.42 (Vernon Supp.1994) (waiver of DTPA provisions by consumer is generally unenforceable and void). However, to use an otherwise valid contractual provision to transform a breach of contract action into a DTPA violation appears to be at odds with both common sense and recent decisions in this area. *See, e.g., FDP Corp.*, 811 S.W.2d at 576–77 (liability limitation part of "basis of

the bargain" and enforceable against claim of breach of warranty under DTPA). The mere existence of a limitation of liability clause in a contract, without more, does not raise a fact issue concerning DTPA "laundry list" violations. We overrule the Poseys' eighth point of error.

■ By point five, the Poseys assert that Appellees have failed to negate even a single element of their DTPA action. By point six, the Poseys claim that the summary judgment evidence raises fact issues concerning "laundry list" violations [7] and unconscionable conduct.[8] Appellees take the position that all the acts alleged are merely breaches of contract and, as such, are not actionable under the DTPA. We agree that mere breach of contract cannot constitute the false, misleading, or deceptive act alleged as a violation of the DTPA. *Ashford Dev. Inc. v. USLife Real Estate Serv. Corp.*, 661 S.W.2d 933, 935 (Tex.1983). That rule has been extended to encompass allegations that a mere breach of contract was actionable as an unconscionable act under the DTPA. *Gulf States Underwriters v. Wilson*, 753 S.W.2d 422, 430 (Tex.App.—Beaumont 1988, writ denied). Here, however, Appellees are attempting to utilize this principle of law to foreclose any and all claims that the Poseys may assert under the DTPA, not just those based on the theory that the breach of contract was deceptive or unconscionable. The Poseys contend that their pleadings do not limit them to the specific allegations and provisions which might be precluded under the breach of contract rules cited. The Poseys pled "particularly, but not exclusively" some specific provisions of the DTPA and pled that Appellees made representations to them. Appellees have not filed the special exceptions necessary to assert that the Poseys have failed to plead sufficient facts to state a cause of action under the DTPA. Where there are no special exceptions, a petition will be construed liberally in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804,

---

5. Tex.Bus. & Com.Code Ann. § 17.50(a)(2) (Vernon 1987) (action for breach of warranty).

6. This claim is distinct from the contention that the clause is unconscionable.

7. Tex.Bus. & Com.Code Ann. § 17.46(b)(1)–(24) (Vernon 1987 & Supp.1994).

8. Tex.Bus. & Com.Code Ann. § 17.50(a)(3) (Vernon 1987).

809 (Tex.1982). Additionally, we are required to liberally construe and comprehensively apply the provisions of the DTPA to promote its underlying purpose, protection of consumers. TEX.BUS. & COM.CODE ANN. § 17.44 (Vernon 1987); *see also Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 541 (Tex.1981). Considering these mandates and after reviewing the summary judgment evidence offered and construing it in the light most favorable to the Poseys, we are unable to conclude, as a matter of law, that the Poseys' DTPA action is founded solely upon the theory that the breach of contract was deceptive and unconscionable. *See Wornick*, 856 S.W.2d at 733. The summary judgment precluding all DTPA claims was erroneous. We sustain points five and six.

### Breach of Contract

By point nine, the Poseys complain that the trial court committed error in limiting the contract damages to $570.00 because Appellees failed to establish as a matter of law that the limitation of liability clause was enforceable. By point ten, the Poseys invite this court to declare that limitation of liability clauses in contracts for yellow page services are unconscionable as a matter of law.

An allegation that a provision in a contract is void, unenforceable or unconscionable is a matter in the nature of an avoidance which must be pled. *See* TEX. R.CIV.P. 94; *Brewer v. Myers*, 545 S.W.2d 235, 237–38 (Tex.Civ.App.—Tyler 1976, no writ). The Poseys have attacked the enforceability of the limitations clause for the first time on appeal. The limitation of liability clause was not addressed anywhere in their petition, nor anywhere in their response to Appellees' summary judgment motion. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R.CIV.P. 166a (c). Because the Poseys failed to assert in the court below that the limitation of liability clause was void, unconscionable or unenforceable, we may not reverse that portion of the summary judgment on appeal. *Id.; see also City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). We

overrule point nine and consequently review of point ten becomes unnecessary. *See* TEX. R.APP.P. 90(a).

### Reversible Error

By point eleven, the Poseys contend that the trial court's errors are grounds for reversal. We agree that the erroneous granting of a summary judgment is such a denial of rights as to warrant reversal. TEX.R.APP.P. 81(b)(1).

We AFFIRM the judgment of the trial court as it relates to enforcement of the limitation of liability clause under the breach of contract claim and to the extent that it forecloses a DTPA action based solely on the mere inclusion of the limitation of liability clause in the contract. We REVERSE and REMAND to the trial court for further proceedings the causes of action alleging negligence, breach of the duty of good faith and fair dealing, and other violations of the Deceptive Trade Practices Act.