ACE SIGN, INC. and James
R. Willett, Appellants,

v.

Larry CRAWFORD, Southwestern Bell
Media, Inc. and Southwestern Bell
Yellow Pages Inc., Appellees.

No. 09–94–250 CV.

Court of Appeals of Texas,
Beaumont.

Submitted June 22, 1995.

Decided Aug. 31, 1995.

Jon B. Burmeister, Moore, Landry, Garth, Jones, Burmeister & Hulett, Beaumont, for appellants.

Michael J. Truncale, Orgain, Bell & Tucker, Beaumont, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Ace Sign, Inc. (Ace) and James R. Willett (Willett) sued Larry Crawford (Crawford), Southwestern Bell Media, Inc. (Bell) and Southwestern Bell Yellow Pages, Inc. (Yellow Pages). Ace and Willett alleged they were wrongfully excluded from the yellow page directory for the year 1989–1990. They alleged causes of action under the Deceptive Trade Practices Act (DTPA), for negligence and breach of contract. The DTPA allegations urged unconscionable action under TEX. BUS. & COM.CODE ANN. § 17.50(a)(3) (Vernon 1987); breach of implied warranty and misrepresentations under TEX.BUS. & COM.CODE ANN. § 17.46(b)(5, 7, 12) (Vernon 1987) (laundry list violations).

Willett, the president of Ace, became delinquent in his payments for 1988–1989 yellow page advertising. Crawford, a sales representative for Yellow Pages, the authorized sales agent for Bell, went to Ace to discuss the delinquent bill and advertising in the 1989–1990 yellow pages. On September 22, 1989, Willett paid the delinquent bill by credit card and Ace and Yellow Pages executed an agreement for advertising in the 1989–1990 yellow pages. When the yellow pages were published, Ace discovered the display advertising had been omitted from the yellow page advertisements. This lawsuit ensued.

All defendants filed a motion for partial summary judgment alleging Willett had no individual claim, the plaintiff's claims were nothing more than breach of contract and the limitation of liability clause limited Ace's damages to the amount paid for the omitted advertising. They also alleged the breach of warranty cause of action was precluded by the agreement. They argued there were no DTPA violations under the laundry list because there was no genuine issue of material fact concerning any misrepresentations. They further argued plaintiff's pleading did not state a claim for unconscionable action because no factual basis was pled. Finally, they argued the negligence cause of action

was not available because a failure to publish yellow page advertising was, as a matter of law, a breach of contract action and not a tort.

Plaintiffs filed a response attaching certain pages of Willett's deposition. They claimed this portion reflected misrepresentations made by Crawford, thereby creating a fact issue on the DTPA laundry list. They admitted a cause of action for breach of contract or for breach of warranty would carry the limitation of liability. However, they did not address any other issues raised in the motion for partial summary judgment. Plaintiffs filed a supplemental response and attached a copy of Willett's second deposition. They alleged this deposition contained additional misrepresentations by Crawford and thus further established there was a genuine issue of material fact concerning any misrepresentations. Plaintiffs then filed an amended original petition alleging specific misrepresentations and acts of negligence along with the unconscionable action, breach of warranty and breach of contract.

The trial judge granted a partial summary judgment in favor of the defendants which stated, in pertinent part:

[T]here being no genuine issue of material fact, as follows:

a. Plaintiffs' only cause of action is for breach of contract;

b. Defendants are entitled to rely on the Limitation of Liability clause of the Agreement for Directory Advertising for all purposes;

c. Defendants are entitled to judgment as a matter of law that plaintiffs take nothing on their alleged cause of action for negligence;

d. Defendants are entitled to a take nothing judgment, as a matter of law, as to all of the plaintiffs' claims for violation of the Texas Deceptive Trade Practices Act.

The next day[1] the court granted a final judgment reflecting the partial summary judgment had been granted and stated:

---

1. It is unclear if it was the next day. The partial summary judgment indicates it was signed on June 16, 1994. However, the final judgment

reflects it was heard June 17, 1994 and it immediately followed the granting of the partial sum-

[A]t which time the attorney of record for the Defendants announced that his clients would stipulate that they breached the contract with the Plaintiffs herein, and that under the terms of the contract, the Plaintiffs were entitled to recover the amount that they paid for the items of advertising which were omitted, which is the sum of *$3,594.00*. In addition, the court ruled that the Plaintiffs were entitled to recover reasonable attorney's fees for said breach of contract, which the parties stipulated would be the sum of $18,000.00 . . . .

Plaintiffs filed a motion for new trial contending they were entitled to go to the jury on various causes of action under the DTPA, with the exception of the breach of warranty, citing *Posey v. Southwestern Bell Yellow Pages, Inc.*, 878 S.W.2d 275 (Tex.App.—Corpus Christi 1994, no writ) which was delivered May 26, 1994, but apparently not released for publication until after the partial summary judgment and final judgment had been signed. A concluding paragraph asked the trial court to vacate the final judgment and allow the plaintiffs to try their case to a jury. The docket sheet reflects an order denying the motion for new trial was signed on July 13, 1994, yet no order is contained in the transcript.[2] In any event, the motion for new trial was overruled. *See* Tex.R.Civ.P. 329b(c).

Appellants urge three points of error. The first point alleges the trial court erred in granting the summary judgment as it pertained to the DTPA claims under section 17.46(b)(5, 7, 12) (laundry list violations) and section 17.50(a)(3) (unconscionable action) and the negligence causes of action. As a subset, they argue no contract exists between Willett, individually, and the defendants, therefore summary judgment against him was improper. The second point alleges the trial court erred in only awarding the breach of contract amount of damages because a fact issue exists as to the actual damages under the DTPA and negligence causes of action. The final point of error alleges the trial court erred in limiting the attorneys fees to $18,000, because a fact issue exists as to what reasonable attorney's fees would be under a recovery for violations of the DTPA. Point of error one is naturally dispositive of the remaining two.

There are primarily three cases that speak to the issue of DTPA causes of action where errors and omissions in yellow page advertising is the issue, *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex.1991), *Southwestern Bell Telephone Co. v. FDP Corp.*, 811 S.W.2d 572 (Tex.1991) and *Posey v. Southwestern Bell Yellow Pages, Inc.*, 878 S.W.2d at 275.[3]

In *DeLanney*, an ad was deleted from the yellow pages. DeLanney sued Bell alleging negligence and violations of the DTPA. The trial court directed a verdict against DeLanney on the DTPA claim. Questions were submitted to the jury on the negligence claims, which the jury found in favor of DeLanney and awarded damages. The court held that Bell's duty to publish the ad arose solely from the contract and did not sound in tort. Since DeLanney did not request jury questions on breach of contract, this cause of action was waived. The DTPA question was never presented on appeal. Consequently, *DeLanney* is controlling on the negligence issue but is not instructive on the DTPA issue.

---

mary judgment. Either way has no bearing on the legal issues.

**2.** Tex.R.App.P. 51 requires the transcript to contain, unless otherwise designated by the parties under Rule 50, "any motions for new trial and the order of the court thereon; . . . ." Furthermore, appellants' request for preparation of the transcript specifically requested "Plaintiffs' Motion for New Trial and Order." However, neither party has requested a supplemental transcript pursuant to Tex.R.App.P. 55.

**3.** A fourth case, *Helms v. Southwestern Bell Telephone Co.*, 794 F.2d 188, 191 (5th Cir.1986) recognized Texas law when it stated: "The Texas Supreme Court has now adopted the rule . . . that a 'mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA.' " (citing *Ashford Development, Inc. v. USLife Real Estate Services Corp.*, 661 S.W.2d 933, 935 (Tex.1983)). The court went on to state: "The 'more' that is required to change a breach of contract action into a DTPA claim is not settled by Texas case law." *Helms*, 794 F.2d at 191.

In *FDP Corp.*, their president ordered a double-quarter column display in the upcoming yellow pages. Although the display portion of advertising was not published, Bell billed FDP for it. FDP filed suit, alleging negligence and violations of the DTPA. The jury failed to find negligence, any "laundry list" violations of the DTPA or an unconscionable action under the DTPA. However, the jury did find a breach of an express warranty, but awarded no damages. FDP Corporation did not appeal the DTPA causes of action; they only contended the evidence supported the breach of warranty finding, the failure to find damages was against the great weight and preponderance of the evidence, and the jury's failure to find negligence was against the great weight and preponderance of the evidence. The court of appeals, *FDP Corp. v. Southwestern Bell Telephone Co.*, 749 S.W.2d 569 (Tex.App.— Houston [1st Dist.] 1988), reversed the trial court, holding a breach of warranty was actionable under the DTPA, there was sufficient evidence to support the jury's finding of breach of warranty and producing cause, the jury's failure to find damages was against the great weight and preponderance of the evidence, and the limitation of liability clause could not limit a recovery for breach of warranty under the DTPA. The court remanded the case for a new trial. The court of appeals did not consider *FDP's* attack on the jury's failure to find negligence. Only Bell appealed to the supreme court. The court held the breach of warranty claim was not actionable under the DTPA. While the liability limitation would be invalid with regards to a DTPA cause of action, the limitation would be valid as to the claim for breach of warranty since it did not arise under the DTPA, thus any jury finding on damages due to breach of warranty was irrelevant. Since *DeLanney* had held a failure to publish yellow pages advertising was cognizable in contract and not tort, it was necessary to remand the case for consideration of that point by the court of appeals. Since appellant has abandoned his claim for breach of warranty and negligence, neither does *FDP* apply.

In *Posey*, Bell did publish an ad for Dr. and Mrs. Posey, but had a competitor's address and phone number listed in the Poseys' ad. The Poseys sued alleging negligence, breach of the duty of good faith and fair dealing, breach of contract and violations of the DTPA. The trial court granted a summary judgment against the Poseys except for the breach of contract cause of action. The appeals court dealt with the negligence and the breach of the duty of good faith and fair dealing claims. However this latter claim is not involved in the instant appeal, thus that portion of the *Posey* opinion is not relevant. On the negligence issue, the court distinguished *DeLanney* in that it involved a complete failure to publish while the *Posey* claim involved negligence in the publishing.

The Poseys contended the summary judgment evidence raised fact issues concerning their "laundry list" violations and unconscionable conduct. The court of appeals held that since the Poseys had pleaded "particularly, but not exclusively" some specific provisions of the DTPA and pleaded that representations had been made by Bell, yet Bell had not lodged any special exceptions, the pleading should be construed liberally in favor of the pleader. *Posey*, 878 S.W.2d at 280. Additionally, the DTPA is required to be liberally construed, therefore the court was unable to conclude, as a matter of law, the Poseys' DTPA claims were founded solely upon the theory that the breach of contract was deceptive and unconscionable. *Id.* at 281. They then concluded the summary judgment was erroneous on all DTPA claims. *Id.* We are persuaded in part by the *Posey* analysis and rationale.

■■■ In reviewing a motion for summary judgment, we must determine whether the movant has met his burden of establishing the absence of a genuine issue of material fact, showing he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Furthermore, in deciding whether there is a disputed material fact issue, precluding summary judgment, evidence favorable to the non-movant will be taken as true and every reasonable inference is indulged in favor of the non-movant and any doubts will be resolved in his favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–549 (Tex.1985).

■ As to the "laundry list" violations, the deposition testimony of Willett raises a fact issue concerning misrepresentations made by Crawford.[4] Thus, we follow *Posey* in this regard. However, we find *Posey* distinguishable from *DeLanney* and this case insofar as the unconscionable action and negligence causes of action. Therefore, we decline to follow *Posey* on these issues and sustain appellants' point of error one as it pertains to the DTPA "laundry list" violations and overrule the point of error as it pertains to the DTPA unconscionable action claim and the negligence claim. Finally, we overrule point of error one as it pertains to the summary judgment against Willett individually. This issue was not presented in defendants' motion for summary judgment. Ordinarily, a summary judgment cannot be affirmed on grounds not specifically set out in the motion. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24 (Tex.1993). However, Willett did not properly assign error in this manner. Therefore, this court cannot sua sponte raise the error and reverse the summary judgment. *San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (Tex.1990). Moreover, Willett did not raise the issue in his response to the motion for summary judgment. Issues not expressly presented to the trial court by written motion, answer or response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c); *Posey*, 878 S.W.2d at 281, *Flanagan v. Martin*, 880 S.W.2d 863 (Tex.App.—Waco 1994, dismissed w.o.j.).

Having sustained point of error one as to the "laundry list" violations, we also sustain points of error two and three since appellants may be entitled to damages and attorney's fees under these DTPA claims.[5]

We reverse the judgment as it pertains to Ace Sign, Inc.'s causes of action against Larry Crawford, Southwestern Bell Media, Inc. and Southwestern Bell Yellow Pages, Inc. for the DTPA claims under section 17.46(b)(5, 7, 12) (laundry list violations) and the amount of damages and attorney's fees available under those claims. We affirm the judgment in all other respects. Costs are adjudged against defendant/appellees.

**REVERSED IN PART, AFFIRMED IN PART.**

---

4. These alleged representations are the "more" referred to in *Helms*, 794 F.2d 191 n. 3.

5. We make no determination regarding how the damages and attorney's fees previously awarded should be treated if appellants are awarded damages and attorney's fees under the DTPA claims.