NUMBER 13-99-105-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


____________________________________________________________________



BROADWAY SPECIALTY GROUP, INC., Appellant,



v.




TCI CABLEVISION OF TEXAS, INC. INDIVIDUALLY AND D/B/A TCI 

SATELLITE SERVICES CENTER, SATELLITE SERVICES, INC., 

HERITAGE CABLEVISION OF TEXAS, INC., INDIVIDUALLY AND 

D/B/A TCI CABLEVISION OF SOUTH TEXAS AND TCI CENTRAL INC., Appellees.

____________________________________________________________________



On appeal from the 197th District Court of Cameron County, Texas.


____________________________________________________________________



O P I N I O N



Before Justices Dorsey, Yañez, and Seerden (1)

Opinion by Justice Yañez


 Appellant, Broadway Specialty Group, Inc. ("Broadway"), appeals two summary judgments rendered in favor of appellees,
TCI Cablevision of Texas, Inc., individually and d/b/a TCI Satellite Services Center ("TCI"), TCI Central, Inc. ("Central"),
Satellite Services, Inc. ("Satellite"), and Heritage Cablevision of Texas, Inc., individually and d/b/a TCI Cablevision of
South Texas ("Heritage"). We affirm.

Background

 Broadway owned the right to distribute a musical festival to be held in San Antonio, Texas. Broadway entered into a
contract with Satellite, in which Satellite agreed to broadcast the festival on a network of cable television systems operated
by Satellite. The festival was to be broadcast as a "pay-per-view" transmission. The festival ultimately was broadcast in
some areas on a "barker" channel, (2) thus allowing people who had not paid for the transmission to watch the festival.

 Broadway brought suit alleging breach of contract, violations of the Texas Deceptive Trade Practices Act (3) ("DTPA"),
negligence, and fraud. The defendants listed in the lawsuit included not only Satellite, but also TCI, Heritage, and Central.
(4) The defendants filed two separate partial motions for summary judgment, both of which were granted. As a result of the
summary judgments, TCI and Central were dismissed as defendants and the DTPA and tort claims against Satellite and
Heritage were dismissed. With two points of error, Broadway challenges the granting of the summary judgments. 

Standard of Review 

 A motion for summary judgment must expressly present the grounds upon which it is made, and must stand or fall on these
grounds alone. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997); Pena v. State Farm Lloyds, 980
S.W.2d 949, 952 (Tex. App.--Corpus Christi 1998, no pet). The only grounds considered by the appellate court are those
grounds expressly presented in the motion. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979); Pena, 980 S.W.2d at 952. If a summary judgment order does
not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the
theories advanced are meritorious. State Farm Fire and Casualty Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). An
appellate court may look only at the arguments raised by the appellant at trial or on appeal: the appellate court may not raise
arguments sua sponteand base a reversal on those grounds. San Jacinto River Authority v. Duke, 783 S.W.2d 209, 210
(Tex. 1990)(per curiam). The rules applied by an appellate court when reviewing a summary judgment are:

(1) The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts must be resolved in favor of the nonmovant. 



American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985)).

The Summary Judgments

 Appellees filed two motions for partial summary judgment, arguing that New York law applied to the case because the
contract contained a provision that the contract and all collateral issues were to be governed by New York law, and that
Broadway could not sustain its DTPA, negligence, and fraud causes of action under New York law. Appellees also
contended that New York law does not allow for exemplary damages, attorneys' fees, or mental anguish damages, and that
TCI and Central were not involved in the performance of the contract. Appellees further argued that were the trial court to
apply Texas law, Broadway would be limited to contract claims because the allegations raised in its petition all arose from
the alleged breach of contract.

 The trial court issued two orders. The first order ruled that New York state law "shall apply to this case." The order also
dismissed with prejudice Broadway's DTPA, negligence, and fraud claims, all of Broadway's claims for attorneys' fees and
mental anguish damages, and dismissed with prejudice all of Broadway's claims against TCI and Central. The second order
stated that Broadway's tort and DTPA claims were "dismissed with prejudice leaving only Plaintiff's breach of contract
claims against Defendants to be determined under the laws of the State of New York." This order did not state whether the
tort and DTPA claims were dismissed under New York or Texas law. The trial court then severed the causes of action
upon which the summary judgments were granted and Broadway filed this appeal.

 Broadway contends that the choice of law clause in the contract was void as against public policy because the application
of New York law would preclude recovery under the DTPA. Broadway further argues that the choice of law clause
constitutes a waiver of the provisions of the DTPA and, therefore, under the DTPA, the choice of law clause is
unenforceable and void. (5) Broadway alleges that Satellite violated the DTPA by making representations that it would
perform the actions required in the contract. Broadway's negligence claim is based on Satellite's failure to promote and
broadcast the festival. Broadway's fraud claim is based on alleged failures by Satellite to properly include information in its
final accounting to Broadway.

The Fraud and Negligence Claims

 If a defendant's conduct would give rise to liability only because it breaches an agreement between the defendant and the
plaintiff, the plaintiff's claim is ordinarily a contract claim, not a tort claim. Southwestern Bell Tel. Co. v. DeLanney, 809
S.W.2d 493, 494 (Tex. 1991); Posey v. Southwestern Bell Yellow Pages, 878 S.W.2d 275, 279 (Tex. App.--Corpus Christi
1994, no writ). To determine if a party is limited to a breach of contract claim or whether they may assert an action in tort,
we inquire 1) whether the defendant's conduct would give rise to liability independent of the fact that a contract exists
between the parties and 2) whether the nature of the injury is something more than the loss of the benefit of the bargain. 
Posey, 878 S.W.2d at 279. In the instant case, Satellite would have had no duty to broadcast the festival at all, nor would it
have a duty to account to Broadway, absent the contract between the parties. Further, the injury suffered by Broadway, as
stated in the petition, was the loss of revenue from pay-per-view customers. Under Texas law, the trial court could properly
have concluded that Broadway was limited to a claim for breach of contract. The dismissal of Broadway's fraud and
negligence claims was not erroneous.

The DTPA Claim

 A mere breach of contract is not actionable under the DTPA. Crawford v. Ace Sign, Inc., 917 S.W.2d 12, 14 (Tex. 1996);
Munawar v. Cadle Co., 2 S.W.3d 12, 18 (Tex. App.--Corpus Christi 1999, pet. denied). Taking the allegations in
Broadway's petition as true, none of them amount to anything more than allegations that Satellite failed to perform as
required by the contract. The trial court could have properly dismissed the DTPA claims under Texas law. 

Notice of the Summary Judgment Hearing

 Broadway argues that the trial court erred in holding the hearing on the first summary judgment motion without complying
with the notice requirements of the rules of procedure. Opposing counsel must be served with a motion for summary
judgment at least twenty-one days before the hearing on the motion. Tex. R. Civ. P. 166a(c). If the summary judgment is
served by fax, three days are added to the required twenty-one days. Tex. R. Civ. P. 21a; Lewis v. Blake, 876 S.W.2d 314,
315 (Tex. 1994). 

 In its response to Satellite's motion for summary judgment, Broadway attached the affidavit of its attorney, in which
counsel stated that he received the motion by fax on March 17, 1998 and that the motion was set for hearing on April 7,
1998. The only evidence before this Court as to the actual date the hearing was held is the order, which states that the
motion was heard on April 28, 1998. The record shows that the hearing took place more than twenty-four days after
Broadway was served with the motion. The notice requirements of the rules of procedure were satisfied.

TCI and Central as Parties

 Broadway argues that the trial court erred in dismissing its claims against TCI and Central. Broadway contends that the
record shows that both TCI and Central allowed the festival to be shown on a non-pay-per-view channel, in violation of the
contract and that Central was partially responsible for failing to promote the festival adequately. Broadway fails to explain
how these companies were bound by the contract between Broadway and Satellite. Broadway cites this Court to two pages
of the appellate record to support its argument. One citation is to a page of the contract, which makes no reference to either
TCI or Central. The second citation is to a page in the affidavit of Neil Haman, in which Mr. Haman states that TCI and
Central had no involvement in the contract or in broadcasting the festival. Broadway's appellate brief offers no argument,
nor does Broadway cite any authority to support its claim that TCI and Central were proper parties to the suit. The court
did not err in granting summary judgment in favor of TCI and Central.

The Summary Judgment Evidence

 Broadway argues that the evidence supporting the summary judgments was flawed and should not have been considered by
the trial court in granting Satellite's motions for partial summary judgment.

 Broadway contends that the affidavit of Neil Haman did not constitute competent summary judgment evidence because it
contained legal conclusions. Although the affidavit does contain legal conclusions, the conclusions consist of restatements
of clauses contained in the contract, which was also attached to the motion. The contract constituted competent summary
judgment evidence, thus, even without the affidavit, the motion was adequately supported by the summary judgment
evidence.

 Broadway also argues that the motions did not specifically identify the proof upon which the motions were based. 
Broadway raised this objection in its responses to Satellite's motions for partial summary judgment. Broadway's brief to
this Court lacks any argument for these contentions, nor does the brief cite any authority to support this contention. See
Tex. R. App. P. 38.1(h). However, in the interest of justice, we have examined the motions and record. The motions
clearly state that they are based on the contract, affidavits, and deposition excerpts, all of which were attached to the
motions. 

 Both of Broadway's issues are overruled. The judgments of the trial court are AFFIRMED.


 

LINDA REYNA YAÑEZ

Justice







Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

1st day of March, 2001.

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex Gov't Code Ann. § 74.003 (Vernon 1998).

2. "Barker" channels are those which are normally used to advertise upcoming features on cable television. Subscribers to
cable television receive barker channels for free.

3. Tex. Bus. & Comm. Code Ann. § 17.46 (Vernon Supp. 2001).

4. TCI, Satellite, Heritage, and Central are apparently all divisions or subsidiaries of one corporation, although the evidence
in the record is unclear on this point.

5. A waiver of the provisions of the DTPA is contrary to public policy and is unenforceable and void unless the waiver
complies with specific requirements set out in the DTPA. Tex. Bus. & Com. Code Ann. § 17.42 (Vernon Supp. 2000).