Salvadore **FARINA**

v.

**SOUTHWESTERN BELL MEDIA INC.**

**Civ. A. No. G–86–186.**

United States District Court,
S.D. Texas,
Galveston Division.

April 28, 1987.

Gerson D. Bloom, Galveston, Tex., for plaintiff.

Richard D. Billeaud, Houston, Tex., for defendant.

## ORDER

HUGH GIBSON, District Judge.

Plaintiff, Salvadore Farina, had a contract with Southwestern Bell Media, Inc. ("Bell") to place an advertisement in the Southwestern Bell Yellow Pages. The advertisement was for plaintiff's business, Buddy's Independent Telephone Co. Bell failed to print the advertisement. Plaintiff claims that the parties were of equal bargaining power. Plaintiff sues, claiming that Bell acted either intentionally, with reckless disregard, or with gross negligence; avers a breach of contract; a violation of § 17.46(b) of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), Tex.Bus. & Comm.Code Ann. § 17.46(b) (Vernon Supp.1986); and a violation of the antitrust laws. Bell moves to dismiss plaintiff's action on summary judgment.

The issue in this case is simple: does complete failure to perform a contract give rise to any cause of action other than breach of contract? Here, plaintiff, of course, has an action *ex contractu,* but the contract expressly excludes all warranties and limits liability to the amount that Bell charged plaintiff. The Court's analysis of whether plaintiff has an action under the DTPA, *ex delicto,* or under antitrust laws begins with *Helms v. Southwestern Bell Telephone Co.,* 794 F.2d 188 (5th Cir.1986).

In *Helms,* plaintiff had a contract similar to the one here and sued under the DTPA and for negligence after Southwestern Bell published the incorrect telephone number in his advertisement. The district court granted summary judgment for defendant. The Fifth Circuit found that "the Helmses complain of no more than a simple breach of contract" and held that they could not sue under the DTPA. 794 F.2d 190–192. The court then noted that the limitations of liability clause is valid in Texas. *Id.* at 192. It ruled, however, that the plaintiffs had a negligence action that was not limited by the contract. Rather, the contract gave rise to an ancillary "common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort ... ." *Id.* at 194 (quoting *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.[2d] 508, 510 (1947)).

This Court is somewhat mystified by the Fifth Circuit's expansive and caliginous language. The conclusion could be drawn that every breach of contract is also potentially a tort. One of the cases relied upon in *Helms, Ruben H. Donnelly Corp. v. McKinnon,* 688 S.W.2d 612 (Tex.App.—

Corpus Christi 1985, writ ref'd n.r.e.), would seemingly support this view.[1] This Court, however, does not believe that the Fifth Circuit has *sub silentio* eviscerated the law of contracts and particularly well-recognized limitation of damages clauses. *See Helms,* 794 F.2d at 192–3 n. 9.

Factually, *Helms* does not require the Court to draw such a broad conclusion. *Helms* involved negative affirmative conduct or misfeasance in the performance of the contractual promise. *Scharrenbeck,* the Texas Supreme Court case quoted in *Helms,* likewise involved misfeasance. Here, defendant is guilty only of nonfeasance or failing to do what he has promised to do. Plaintiff's allegation that Bell acted intentionally does not affect this conclusion. The law has traditionally recognized that misfeasance in the performance of a promise will give rise to a tort action, whereas nonfeasance will not unless there is a duty independent of the contract to do the thing promised. *See generally Prosser and Keeton on the Law of Torts* § 92 (5th ed. 1984). In other words, complete failure to perform a contract will not give rise to a tort action unless there is intentionally tortious conduct, such as fraud, or the nonfeasance is negligent and results in physical harm, which a person always has a duty to avoid. *Id.* The Court believes that this analysis reconciles *Helms* and the Texas law of contracts.

■ Thus, applying *Helms* here, plaintiff has not stated a tort or DTPA claim. Damages for his breach of contract claim are limited by the contract to the amount paid for the advertisement. Plaintiff's bald assertion that the parties were of unequal bargaining power states no defense to a valid limitations clause—most contracts are between parties of unequal bargaining power.

■ Finally, plaintiff's antitrust allegations consist of 1) the parties are of un-

equal bargaining power and 2) Bell is a competitor of plaintiff and gained an unfair advantage by failing to publish the advertisement. Plaintiff has not specified under what antitrust statute he proceeds. Nevertheless, under the Sherman and Clayton Acts, 15 U.S.C. §§ 1 *et seq.,* and the Texas antitrust laws, Tex.Bus. & Comm.Code Ann. § 15.01 *et seq.* (Vernon Supp.1986), plaintiff has wholly failed to state a cause of action. *See, e.g., Transource International, Inc. v. Trinity Industries, Inc.,* 725 F.2d 274 (5th Cir.1984); *Spectrofuge Corp. v. Beckman Instruments, Inc.,* 575 F.2d 256 (5th Cir.1978), *cert. denied,* 440 U.S. 939, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); Note, *The Texas Free Enterprise and Antitrust Act of 1983: A Step into the Present,* 36 Baylor L.Rev. 732 (1984).

Accordingly, defendant's motion for summary judgment is GRANTED in part as follows: plaintiff's tort, antitrust, and DTPA actions are DISMISSED.

1. Federal courts are not bound by the rulings of intermediate Texas appeals courts but must make an *Erie*-guess and rule as they believe that the Texas Supreme Court would rule. *E.g., Shelp v. National Surety Corp.,* 333 F.2d 431, 438–39 (5th Cir.) *cert. denied,* 379 U.S. 945, 85 S.Ct. 439, 13 L.Ed.2d 543 (1964); *Green v. Amerada-Hess Corp.,* 612 F.2d 212, 214 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980). *See generally* 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4507 (1982).