98-00810 Jarzombek v Maurer.wpd



No. 04-98-00810-CV



Edward JARZOMBEK, Jr.,


Appellant



v.



Boone MAURER,


Appellee



From the 218th Judicial District Court, Karnes County, Texas


Trial Court No. 96-08-00112-CVK


Honorable Stella Saxon, Judge Presiding



Opinion by: Catherine Stone, Justice 

 

Sitting: Phil Hardberger, Chief Justice 

 Catherine Stone, Justice 

 Sarah B. Duncan, Justice 


Delivered and Filed: March 29, 2000


REVERSED AND RENDERED


 This case arises out of a well conversion project. Boone Maurer sued Edward Jarzombek for
violations of the Texas Deceptive Trade Practices Act ("DTPA") after Jarzombek's company
unsuccessfully tried to convert Maurer's oil well to a water-producing well. Following a bench trial,
judgment was entered in favor of Maurer. On appeal, Jarzombek challenges the legal and factual
sufficiency of the evidence to support the judgment and complains about certain evidentiary rulings.
Because we find that Jarzombek's complained-of conduct is not actionable under the DTPA, we
reverse the trial court's judgment and render a take-nothing judgment in favor of Maurer.

Factual and Procedural Background

 In 1994, Maurer contacted Jarzombek, president of J-B Drilling Company, about the
possibility of converting his existing oil well to a water-producing well. According to Maurer,
Jarzombek indicated he was familiar with Maurer's well, a Carrizo formation oil well, because he
had "done a lot of work in the Carrizo formations." Maurer testified Jarzombek told him that such
wells historically "produce a lot of water." Maurer further testified Jarzombek told him that he
would "probably have more water than [he would know] what to do with." Shortly after this initial
conversation, Jarzombek surveyed Maurer's well and determined that a ten-horsepower single phase
230 volt motor pump should be installed to extract water. Based on Jarzombek's apparent
experience and familiarity with the well, Maurer hired J-B Drilling to complete the conversion work
and paid J-B Drilling $5,000 for the project. The recommended ten-horsepower pump, however,
never worked properly. Ultimately, Maurer hired other well servicers, who discerned the source of
the problem - the wrong size motor and pump and improper installation - and made the well
operational.

 Litigation ensued. Maurer brought a DTPA action against Jarzombek individually, claiming
that Jarzombek misrepresented the well's potential production, the necessity of the ten-horsepower
pump, his familiarity with the area, and his level of skill and experience in water well conversion
work.(1) Following a bench trial, the trial court found that Jarzombek violated the DTPA by
misrepresenting the type of equipment needed for Maurer's project. The trial court determined that
Jarzombek's misrepresentations regarding the proper equipment were a producing cause of actual
damages of $1,242, the additional expense Maurer incurred to make the well operational. In total,
the trial court awarded Maurer $1,242 in actual damages, $7,800 in attorneys fees, and $2,000 in
additional damages under section 17.50 (b)(1), plus prejudgment interest. The trial court issued
findings of fact and conclusions of law in support of its judgment. 

False, Deceptive, or Misleading Acts or Practices

 In his first point of error, Jarzombek challenges the sufficiency of the evidence to support the
trial court's findings that he engaged in any false, deceptive, or misleading act or practice.
Jarzombek's argument under this point of error is three-fold: First, Jarzombek contends the trial
court erred in rendering judgment against him individually because he was, at all times during the
events which form the basis of Maurer's claims, acting as a corporate agent of J-B Drilling
Company. In that capacity, Jarzombek argues he is shielded from personal liability absent Maurer's
attempt to disregard the corporate entity through a claim to pierce the corporate veil or similar
theory. Next, to the extent he can be held individually liable for actions taken in his corporate
capacity, Jarzombek argues that his alleged misrepresentations are not actionable under the DTPA.
Third, Jarzombek challenges the trial court's findings that his statements, if considered
misrepresentations, are the producing cause of Maurer's damages. We discuss these arguments in
the order presented. 

Individual Liability

 Jarzombek's first contention rests upon a misconception about the nature and scope of the
protections afforded by the corporate entity. As this court explained in Leitch v. Hornsby, 885
S.W.2d 243, 250 (Tex. App.-San Antonio 1994), rev'd on other grounds, 935 S.W.2d 114 (Tex.
1996), the nature of the corporate entity shields agents from liability for certain corporate acts. The
corporate entity, however, does not insulate an agent from liability for fraudulent or tortious acts
committed while working for the corporation. See id.; see also Weitzel v. Barnes, 691 S.W.2d 598,
600 (Tex. 1985); Light v. Wilson, 663 S.W.2d 813, 815 (Tex. 1983) (J. Spears, concurring);
Guilbeau v. Anderson, 841 S.W.2d 517, 519 (Tex. App.-Houston [14th Dist.] 1992, no writ). Stated
differently, an individual is always responsible for his or her own tortious conduct. This rule also
applies when the agent is a shareholder of the principle corporation. Light, 663 S.W.2d at 815.
Because an agent may be sued individually for his own wrongdoing, it is not necessary to disregard
the corporate entity in order to reach the individual. Leitch, 885 S.W.2d at 250; Barclay v. Johnson,
686 S.W.2d 334, 337-38 (Tex. App.-Houston [1st Dist.] 1985, no writ). That is, it is necessary to
disregard the corporate entity only where the individual's liability is merely derivative of the
corporation's liability. Leitch, 885 S.W.2d at 249-50. Because Jarzombek can be liable in his
individual capacity for tortious conduct committed while working in his corporate capacity, we turn
to the question of whether Jarzombek engaged in any false, deceptive, or misleading acts or practices
that were a producing cause of Maurer's damages. 

Misrepresentations

 In order to recover damages under the DTPA, Maurer had the burden to prove that Jarzombek
committed false, misleading, or deceptive acts which were a producing cause of actual damages to
him. See Tex. Bus. & Com. Code Ann. § 17.46 (Vernon Supp. 2000). Misrepresentations
constitute false, misleading, or deceptive acts within the meaning of section 17.46 of the DTPA. See
Doe v. Boys Club of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995). Whether the facts
about which Maurer complains rise to the level of misrepresentations is a question of law. Chilton
Ins. v. Pate & Pate Enter., Inc., 930 S.W.2d 877, 890 (Tex. App.-San Antonio 1996, writ denied).
 Here, the trial court found that Jarzombek made several misrepresentations to Maurer during
the course of their dealings,(2) but ultimately concluded that only the misrepresentations regarding the
equipment - the size of the motor and the pump - were a producing cause of actual damages. Our
discussion therefore focuses solely on Jarzombek's conduct regarding the improper equipment. See
Tex. Bus. & Com. Code Ann. § 17.46 (Vernon Supp. 2000) (recovery under DTPA limited to false,
misleading, or deceptive acts, which are producing cause of damage to plaintiff).

 As noted, after Jarzombek surveyed Maurer's well, he indicated that a ten-horsepower single
phase 230 volt motor pump would be the proper size pump for the conversion project. In accordance
with Jarzombek's initial assessment, the ten-horsepower pump was installed. The record establishes
that Jarzombek's recommendation proved to be ineffective, thereby preventing J-B Drilling from
fulfilling its contractual promise to convert Maurer's well. It is well settled that the failure to
perform the terms of a contract, without more, is not a false, misleading, or deceptive act under
section 17.46 of the DTPA. See e.g., Crawford v. Ace Sign, Inc., 917 S.W.2d 12, 14 (Tex. 1996);
Crim Truck & Track v. Navistar Int'l, 823 S.W.2d 591, 596 (Tex. 1992); Ashford Dev. v. USLife
Real Estate Serv. Corp., 661 S.W.2d 933, 935 (Tex. 1983); Munawar v. Cadle Co., 2 S.W.3d 12,
18 (Tex. App.-Corpus Christi 1999, pet. denied); Enterprise-Laredo Associates v. Hachar's, Inc.,
839 S.W.2d 822, 828-29 (Tex. App.-San Antonio 1992), writ denied, 843 S.W.2d 476 (Tex. 1992).
The instant case falls squarely within this settled rule because the record does not establish that
Jarzombek engaged in fraudulent or deceptive behavior, the "without more" component needed to
pursue such a claim under the DTPA. See e.g., Crawford, 917 S.W.2d at 15 (holding that failure
to publish yellow page advertisement was not actionable as misrepresentation under DTPA action,
but actionable only as breach of contract claim); Helms v. Southwestern Bell Tel. Co., 794 F.2d 188,
191 (5th Cir. 1986) (rejecting DTPA misrepresentation claim based on telephone company's failure
to correctly print advertisement, finding that "misrepresentation" was nothing more than telephone
company's failure to perform its promise to correctly print advertisement). Rather, the record
establishes that Jarzombek simply committed errors in judgment regarding the appropriate
equipment necessary to complete the project. Indeed, James Pawlik, the well servicer who installed
the proper size motor and pump, indicated that presumably a ten-horsepower pump would have
worked, but a "professional" would have conducted tests to make the proper determination,
something Jarzombek either failed to do or failed to do properly. That certain steps were not taken
to insure that J-B Drilling's contractual promise was fulfilled does not give rise to a
misrepresentation claim under the DTPA. See Crawford, 917 S.W.2d at 15. Because Maurer
asserts, in essence, a breach of contract claim for J-B Drilling's failure to convert his well, recovery
under the DTPA was not proper. Point of error number one is sustained.

 In light of the foregoing holding, we need not address Jarzombek's other contentions brought
forward on appeal. See Tex. R. App. P. 47.1. The judgment of the trial court is reversed and
judgment is rendered that appellee Boone Maurer take nothing from appellant Edward Jarzombek,
Jr. on Boone Maurer's claims for violations of the Texas Deceptive Trade Practices Act. 


 Catherine Stone, Justice 

DO NOT PUBLISH


1. J-B Drilling filed for bankruptcy in 1995.
2. The trial court found that Jarzombek misrepresented the following facts:


  the amount of water available in the old well, and the amount of water capable of production;


  his competence, knowledge and experience in [conversion] work; and


  the type of wiring needed for the installation as well as his knowledge and experience regarding the
water well conversion work concerning the high water temperature in the well. Such failure resulted
in failing to account for the high water temperature in sizing the motor and pump. The motor installed
was manufactured to operate with a water temperature not to exceed 86F, not the 140F,
approximately, of the well.