11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William Lambard and Barbara Lambard

Appellants

Vs.                   No. 11-01-00316-CV B Appeal from Taylor County                                       

Woodridge Properties, LLP

Appellee

 

This case arises out of a real estate
transaction.  William Lambard and
Barbara Lambard, appelalnts, filed the lawsuit to obtain specific performance
of a contract for deed.  After a trial
to a jury, the trial court entered a judgment denying specific performance and
denying appellants=
request for damages and attorney=s
fees.  We affirm.

Charles Lambard, William Lambard=s father, entered into a
contract for deed regarding his purchase of real property described in the
contract.  Woodridge Properties, LLP, appellee,
was the owner of the property.  The
parties entered into the contract in October 1993.  The contract called for a total price of $11,500.00 to be paid
out at a certain rate each month plus an additional amount for a tax and
insurance escrow account.  After Charles
died, appellants continued to live on the property and they entered into a new
contract with appellee.  This new
contract was signed on April 1, 1994. 
This contract stated the price to be $11,281.66.








Appellants became delinquent in their payments
under the April contract.  On September
9, 1998, appellee sent appellants an Aeviction
notice.@  Later, after appellants had settled an
unrelated lawsuit in which they made certain claims in connection with the
death of William=s
mother, there was another contract between the parties.  On December 4, 1998, appellants took
$5,000.00 from the settlement and paid it to appellee, and the new contract was
entered.  The new contract provided for
a purchase price of $6,000.00.  On
August 23, 2000, appellants were again delinquent, and it became necessary for
appellees to send another notice letter to appellants.  The letter contained details of the default
and gave appellants the opportunity to cure the delinquencies.  The deadline for compliance was October 25,
2000.  On October 6, 2000, appellants
responded by filing this lawsuit. 
Appellants first sought specific performance, alleging that the purchase
price in the last contract was $6,000.00, that they had paid the $5,000.00 payment,
leaving a balance of $1,000.00, and that they had overpaid by making more
monthly payments than required.  In its
answer, appellee specifically pleaded that appellants had not complied with all
conditions precedent under the contract. 
Appellee also filed a counterclaim, seeking cancellation of the
contract, damages for past due payments, and attorney=s fees. 
Appellants later amended their petition by adding claims for damages for
deceptive trade practices and for breach of fiduciary duty, and they also
sought an accounting.

The trial court refused to submit appellants= requested issues in
connection with the new claims raised in the amended petition.  The case was submitted to the jury upon
three separate jury questions.  In the
first question, the trial court basically asked the jury whether appellants had
performed all of their obligations under the contract and whether all
conditions precedent had either been met or excused.  The jury found that appellants had not performed their
obligations.  In the two other issues,
the jury first found that no damages were due to appellee and also awarded A0@ to appellee for attorney=s fees.

Appellants bring two issues on appeal.  First, they claim that the trial court erred
in canceling the contract because appellee did not comply with AProperty Code Section
5.061.@  The complaint is made that the notice which
appellants received was in A12
point type@ rather
than in A14 point bold
face type@ or
uppercase letters.  








Former TEX. PROP. CODE '5.061 (Vernon 1984) has been amended and is
now located at TEX. PROP. CODE ANN. '
5.063 (Vernon Supp. 2002).  The statute
prescribes the method of notice to be given to one who is in default under
certain executory contracts for deed. 
Former Section 5.063, now TEX. PROP. CODE ANN. ' 5.064 (Vernon Supp. 2002), required a seller
under certain executory contracts for deed to give the notice prescribed by
former Section 5.061.  Former Section
5.061, now Section 5.063, was  amended
in 1993, 1995, and 2001.  At the time
that appellants= cause
of action accrued, former Section 5.061 required that a certain part of the
notice be given in 10 point boldfaced type or uppercase typewritten
letters.  The current Section 5.063
requires that the specified part of the notice be conspicuous and printed 14
point boldface type or 14 point uppercase typewritten letters.  The notice given by appellee complied with
the statute in effect at the time that it was given.  

Furthermore, the notice required by Section 5.064
and prescribed by former Section 5.063 is simply a prerequisite which a seller
under certain executory contracts for deed must meet before the seller can
enforce a claim for Arescission
or forfeiture and acceleration.@  Section 5.064.  Here, appellant initiated the lawsuit over the property.  If appellee wanted to seek to have the
contract canceled, it was required to file its claim when it did.  TEX.R.CIV.P. 97 governs compulsory
counterclaims.  A counterclaim is
compulsory if:  it is within the
jurisdiction of the court; it is not at the time of filing the answer the
subject of a pending action; the claim is mature and owned by the defendant at
the time of filing the answer; it arose out of the same transaction or
occurrence that is the subject matter of the opposing party's claim; it is
against an opposing party in the same capacity;  and it does not require the presence of third parties over whom
the court cannot acquire jurisdiction. 
A party asserting a claim which has all of these elements must assert
the claim in the initial action, and the claim cannot be asserted in a later
action.  Ingersoll‑Rand Company v.
Valero Energy Corporation, 997 S.W.2d 203, 207 (Tex.1999).  Appellee=s
claim was a compulsory counterclaim.    Appellants also argue in their first issue
that the trial court could not award relief to appellee because appellee failed
to obtain any favorable jury findings. 
The jury found that appellants had not performed the agreement.  That was a finding favorable to appellee and
was a finding upon which the trial court=s
judgment could be based.  Furthermore,
appellants have cited us to no authority in connection with this
contention.  Appellants= first issue on appeal is
overruled.

In their second issue, appellants maintain that
the trial court erred in failing to submit their damage issues.  The damage issues stemmed from appellants= claims of deceptive trade
practices and breach of fiduciary duty. 
Again, we have been cited to no authority in appellants= second issue.  Nevertheless, we will discuss the issue.








Generally, failure to perform terms of a contract
results in a breach of contract action, not a tort action.  Crim Truck & Tractor Co. v. Navistar
International Transportation Corporation, 823 S.W.2d 591, 596 (Tex.1992).  While a contract may create duties that
sound both in contract and in tort, if the claim arises solely from the
contract and the damages sought are only economic damages, the action is one in
contract, not in tort.  Southwestern
Bell Telephone Company v. DeLanney, 809 S.W.2d 493 (Tex.1991); Montgomery Ward
& Co. v. Scharrenbeck, 204 S.W.2d 508 (Tex.1947). Merely making a claim
under TEX. BUS. & COM. CODE ANN. '
17.001 et seq. (Vernon 2002) (DTPA) does not convert a contract action into a
DTPA violation where it is merely a dispute relating to contract performance
based on differing contract interpretations; traditional contract principles
apply.  See Quitta v. Fossati, 808
S.W.2d 636, 644 (Tex.App. - Corpus Christi 1991, writ den=d).  The conduct must involve more than a mere
breach of contract.  Ashford
Development, Inc. v. USLife Real Estate Services Corporation, 661 S.W.2d 933,
935 (Tex.1983).  By itself, failure to
perform a promise in an agreement does not constitute a misrepresentation nor
does such failure constitute an unconscionable act as those terms are defined
in the DTPA.  Crawford v. Ace Sign,
Inc., 917 S.W.2d 12, 14‑15 (Tex.1996); Chilton Insurance Company v. Pate
& Pate Enterprises, Inc., 930 S.W.2d 877 (Tex.App. ‑ San Antonio
1996, writ den=d). The
case before us is one which involves alleged damages which stem from the
contract itself and which involve economic loss only.  In their prayer for relief, appellants ask for recovery of their Aeconomic damages.@  The trial court did not err in failing to submit appellants= issues to the jury.

There is another reason why the trial court did
not err in failing to submit appellants=
issues to the jury.  If the pleadings
and the evidence support them, a trial court is required to submit requested
questions to a jury.  Elbaor v. Smith,
845 S.W.2d 240 (Tex.1992).  In order to
make that determination, an appellate court must examine the record for
evidence which supports the submission and must ignore all evidence to the
contrary.  We have performed that
examination and hold that there is no evidence in this record to support the
submission of the issues.  Appellants
argue that they were never furnished an accounting for the escrow account, but
it is undisputed that they never requested one.  It is also undisputed that they never had an insurance claim
which was not covered by insurance.  The
evidence shows that the essence of the dispute is the payment of the final
sales price as stated in the last contract. 
The trial court did not err when it refused to submit the questions and
instructions tendered by appellants. 
The second issue on appeal is overruled.








The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

August 15, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.