**Rafael HERNANDEZ d/b/a Alavista Advertising, Plaintiff,**

v.

**IKON OFFICE SOLUTIONS INC., Defendant.**

**No. EP–08–CV–97–PRM.**

United States District Court, W.D. Texas, El Paso Division.

June 23, 2008.

---

Thomas G. Wicker, Jr., Mendel Blumenfeld L.L.P., El Paso, TX, for Plaintiff.

Katharyn Ann Albright Grant, Fulbright & Jaworski, L.L.P., San Antonio, TX, Milton C. Colia, Kemp Smith, P.C., El Paso, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Ikon Office Solutions, Inc.'s ("Defendant") "Rule 12(B)(6) Motion to Dismiss Plaintiffs' [sic] Original Petition," filed on March 28, 2008, Plaintiff Rafael Hernandez d/b/a Alavista Advertising's ("Plaintiff") "Response to Defendant's 12(b)6 [sic] Motion to Dismiss," filed on April 8, 2008, and Defendant's "Reply in Support of its Rule 12(B)(6) Motion to Dismiss Plaintiffs' [sic] Original Petition," filed on April 10, 2008, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion to Dismiss should be granted for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff lives in Mexico and owns an advertising firm that conducts business in El Paso, Texas. Org. Pet. 1. Defendant is a corporation organized under the laws of the state of Ohio with its principal place of business in Pennsylvania. Not. of Removal ¶¶ 9–10. Plaintiff filed the instant action alleging Defendant violated the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), codified at TEX. BUS. & COM.CODE §§ 17.41 *et seq.*[1]

According to the Complaint, in 2004, the parties entered into a Maintenance Services Agreement ("Agreement") wherein Defendant agreed to provide maintenance services for three copy machines used by Plaintiff in connection with his advertising business.[2] Org. Pet. 2. Plaintiff alleges that he executed the Agreement based on Defendant's representation that it would "service and support [his] solution to ensure it continues to function at optimal capacity and meet the demands of [his] daily document workflow." *Id.* at 2–3. The parties executed the Agreement according to its terms until 2006, when Plaintiff alleges that Defendant responded slowly, if at all, to his maintenance requests. *Id.* at 3. As a result, Plaintiff alleges that he had to hire and pay an outside vendor to service the copy machines at a cost of $17,569.50. *Id.*

Plaintiff filed suit alleging Defendant violated the DTPA by: (1) "represent[ing] that its services had benefits that [it] did not have;" (2) "represent[ing] that its services were of a particular standard, quality, or grade when they were of another;" and (3) taking "advantage of [Plaintiff]'s lack of knowledge, ability, or experience to a grossly unfair degree." *Id.* at 3–4. Defendant filed the instant Motion urging the Court to dismiss the action for failure to state a legally cognizible claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## II. LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon

---

[1]. The DTPA in part "protect[s] consumers against false, misleading, and deceptive business practices." TEX. BUS. & COM. CODE § 17.44.

[2]. The Agreement was executed in El Paso, Texas. Org. Pet. 2. Accordingly, venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391.

which relief can be granted." FED. R. CIV. P. 12(b)(6). "[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The Court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir.2003) (quotation omitted).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). "[A] complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star. Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir.1999).

## III. ANALYSIS

■ Defendant argues dismissal is proper because Plaintiff's DTPA claim is premised upon an alleged breach of contract, and under Texas law, a breach of contract cannot form the basis of a DTPA claim. Mot. 1 (citing *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12 (Tex.1996)). Plaintiff maintains that his claims are actionable "with or without a contract between him and [Defendant]" because "IKON made representations that turned out to be false." Resp. 4.

■ "[A] mere breach of contract, without more, does not constitute a false, misleading or deceptive act in violation of the DTPA." *Crawford*, 917 S.W.2d at 14 (quoting *Ashford Dev., Inc. v. USLife Real Estate Servs.*, 661 S.W.2d 933, 935 (Tex. 1983)). In *Crawford*, the plaintiff alleged that the defendants promised to perform a contract, failed to perform the contract, and that such nonperformance constituted an actionable misrepresentation under the DTPA. *Crawford*, 917 S.W.2d at 14. The Texas Supreme Court reinstated summary judgment for the defendant, reasoning that "failure to fulfill a [contractual] promise is actionable only under a breach of contract theory and not under the DTPA." *Id.* at 15. The defendants' promises to perform "were nothing more than representations that the defendants would fulfill their contractual duty." *Id.* at 14. The representations themselves did not cause cause any harm. *Id.* Rather, "[t]he failure [to perform] actually caused the [alleged harm], and that injury is governed by contract law, not the DTPA." *Id.* at 14–15. Similarly, a Texas appellate court dismissed a DTPA claim based on a failure to perform a contract. *Head v. U.S. Inspect DFW, Inc.*, 159 S.W.3d 731, 735 (Tex.App.-Fort Worth 2005, no pet. h.). In *Head*, a homeowner alleged the defendant inspection agency contracted to provide a licensed inspector to perform a home inspection, but instead, an apprentice inspector performed inspection. *Id.* at 735–37. The court held that failure to provide a licensed inspector did not constitute an actionable misrepresentation under the DTPA because the allegation that the defendant failed to comply with the contract "is founded solely on the breach of contract allegations and is not actionable as a claim for misrepresentations under the DTPA." *Id.* at 743.

On the other hand, a breach of contract may give rise to an actionable DTPA claim where the plaintiff alleges "more than mere breach of contract." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 306 (Tex.2006). In *Chapa*, the plaintiff alleged that the defendant violated the DTPA by contracting to deliver a certain vehicle model when in fact it intended to deliver a different model. *Id.* at 303. In holding that this representation constituted a violation of the DTPA, the court reasoned that "while the failure to deliver [the vehicle] would not alone violate the DTPA, Chapa's claim was that [the defendant] represented she would get one model when in fact she was going to get another .... [and this] initial representation violates the DTPA." *Id.* at 305.

In the instant action, Plaintiff does not allege that Defendant's representation to provide maintenance support was false or misleading when it was made; that is, there is no contention that Defendant did not intend to provide maintenance services. Thus, unlike *Chapa*, there is no allegation that Defendant's representation was initially misleading or false. To the contrary, Plaintiff contends that the representation became misleading only "[a]fter IKON repeatedly failed to live up to the representation it made to [Plaintiff]." Resp. ¶ 2; *see also* Resp. ¶ 6 ("IKON made representations that turned out to be false."). In fact, it appears both parties faithfully performed the Agreement between 2004, when it was executed, and 2006, when Plaintiff alleges that Defendant failed to tender performance. Thus, Plain-

tiff's allegations that Defendant did not provide the services that it promised are, in effect, allegations that Defendant failed to perform under the Agreement. Absent any falsity or fraud associated with the initial representation itself, which Plaintiff expressly disclaims, Defendant's alleged misrepresentation is nothing more than a failure to render contractual performance. As held in *Crawford*, failure to perform a contract, without more, does not constitute a false, misleading, or deceptive act in violation of the DTPA. *Crawford*, 917 S.W.2d at 15. Accordingly, the Court concludes the instant action should be dismissed for failure to set forth a claim upon which relief can be granted pursuant to Rule 12(b)(6).[3]

## IV. CONCLUSION

In conclusion, the Court finds that the instant action should be dismissed because it is premised solely on allegations that Defendant breached a contract between the parties, which does not constitute an actionable DTPA claim as a matter of law.

Accordingly, **IT IS ORDERED** that Defendant Ikon Office Solutions, Inc.'s "Rule 12(B)(6) Motion to Dismiss Plaintiffs' [sic] Original Petition" (Docket No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff the above-captioned cause is **DISMISSED.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

---

**3.** Plaintiff requests that should the Court find his allegations insufficient to constitute a DTPA violation, it allow him to amend his Original Petition "to provide adequate detail of the claims." Resp. ¶ 6. In the instant action, Defendant does not contest the sufficiency of Plaintiff's allegations. Rather, it argues that the allegations, as a matter of law, do not constitute DTPA violations under any set of circumstances. Accordingly, the Court declines to allow Plaintiff to amend his allegations, finding amendment would be futile. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (noting that "futility of the amendment" weighs in favor of denying leave to amend a complaint).

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.