# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2013

No. 12-11123

Lyle W. Cayce
Clerk

NANCY MALSOM; CLAIRE KILCOYNE; MARY ANNE BURGAN; MIKE CIPRIANI; JESSE KAPOSI; MARK H. HARKEN; KRISTY GAMAYO, Individuallly and on behalf of all others simiarly situated,

> Plaintiffs - Appellants

v.

MATCH.COM, L.L.C.,

> Defendant - Appellee

_____

GUY BARLOW, JR., On behalf of themselves and all similarly situated persons; MARK H. HARKEN, On behalf of themselves and all similarly situated persons;
JESSE KAPOSI,

> Plaintiffs

v.

MATCH.COM, L.L.C.

> Defendant

_____

JESSE KAPOSI,

> Plaintiff

v.

MATCH.COM, L.L.C.

> Defendant

_____

No. 12-11123

KRISTY GAMAYO, Individually and on behalf of all others similarly situated,

Plaintiff

v.

MATCH.COM, L.L.C.

Defendant

_____

NANCY MELUCCI, Individually and on behalf of all others similarly situated,

Plaintiff

v.

MATCH.COM, L.L.C.

Defendant

_____

GAIL FITZPATRICK; Et Al

Plaintiffs

v.

MATCH.COM, L.L.C.

Defendant

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2651

_____

No. 12-11123

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:[*]

A putative class of plaintiffs filed suit against Match.com, L.L.C., the operator of a dating website, alleging breach of contract, breach of the duty of good faith and fair dealing, and unconscionable conduct. After dismissing the first two claims, the district court dismissed with prejudice the unconscionability claim. This appeal, challenging the dismissal of the unconscionability claim, followed. For the reasons that follow, we affirm the district court's dismissal and the decision to dismiss with prejudice.

## I

This case is a consolidated putative class action suit brought by Nancy Malsom, Claire Kilcoyne, Mary Anne Burgan, Mike Cipriani, Jesse Kaposi, Mark H. Harken, and Kristy Gamayo on behalf of all similarly situated individuals ("Appellants") against Match.com, L.L.C. ("Match"), the owner of a dating website. Appellants allege that Match uses a variety of misleading tactics to give prospective and paying users of the website an inflated sense of the number of active users on the website. The allegations include, but are not limited to, the following claims: Match does not vet new profiles, allowing fake profiles to proliferate; Match does not remove inactive or duplicate profiles; Match does not accurately disclose the size of the reachable membership base; and Match does not block profiles known to be connected with scams. After the district court consolidated six putative class action suits, Appellants filed a consolidated amended complaint that alleged causes of action for breach of contract, breach

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11123

of the duty of good faith and fair dealing, and unconscionable conduct under the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.50(a)(3). Appellants sought compensatory damages in the amount of fees paid for subscriptions to Match.com, injunctive relief, and costs and fees. With regard to the unconscionable conduct claim, Appellants alleged that Match "took advantage of their lack of knowledge, ability, experience and/or capacity to a grossly unfair degree."

Match moved to dismiss Appellants' claims for breach of contract and breach of the duty of good faith and fair dealing, and the district court granted the motion on August 10, 2012. In addition to granting Match's motion, the district court initiated proceedings to dismiss the remaining unconscionability claim *sua sponte*. After further briefing by the parties, the district court dismissed the unconscionability claim with prejudice in an order dated October 17, 2012. This appeal followed.

**II**

This Court reviews de novo a district court's dismissal under Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (quoting *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)). However, "[t]his court . . . 'will not strain to find inferences favorable to the plaintiff.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). "Because the district court is best situated to determine when plaintiffs have had sufficient opportunity to state their best case, we review the district court's decision to grant a motion to dismiss with or without prejudice

No. 12-11123

only for abuse of discretion." *Club Retro L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009).

### III

### A

The district court dismissed Appellants' unconscionable conduct claim for failure to state a claim under the DTPA. "[I]t has long been the rule in Texas that mere nonfeasance under a contract creates liability only for breach of contract." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996); *accord Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). However, courts "have struggled to clarify the boundary between contract claims and other causes of action." *Crawford*, 917 S.W.2d at 13. To that end, the Texas Supreme Court has reiterated that the relevant inquiry involves an examination of "both the source of the defendant's duty to act (whether it arose solely out of the contract or from some common law duty) and the nature of the remedy sought by the plaintiff." *Id.*

In *Crawford*, a business owner sued a phonebook company for breach of contract, negligence, and unconscionable conduct under the DTPA when the phonebook company failed to run an advertisement for which the business owner had paid. *Id.* at 12–13. The Texas Supreme Court held that the plaintiff could not maintain an unconscionability claim under the DTPA because the facts of the claim involved "nothing more than representations that the defendants would fulfill their contractual duty to publish, and the breach of that duty sounds only in contract." *Id.* at 14. The allegedly unconscionable statements themselves did not cause harm; it was the failure to print the advertisement promised, i.e., the breach of contract, that caused the damages claimed. *Id.* at

14–15. An allegation of a breach of contract, without more, does not amount to a false, misleading, or deceptive act under the DTPA. *Id.* at 14.

By contrast, the Texas Supreme Court has held that an individual may maintain claims for both breach of contract and a violation of the DTPA when the plaintiff alleges not only a breach of contract, but also that the other party "never intended" to fulfill the contract in the first place. *Chapa*, 212 S.W.3d at 304. In *Chapa*, plaintiff claimed that a car dealership represented that she would receive one model of car "when in fact she was going to get another."[1] *Id.* at 305. Recognizing that "[a] contractual promise made with no intention of performing may give rise to an action for fraudulent inducement," *id.* at 304, the Court allowed both claims to proceed, holding that "[w]hile failure to comply would violate only the contract, the initial misrepresentation violates the DTPA." *Id.* at 305.

Here, Appellants' claims amount to allegations of breach of contract alone, thereby rendering the DTPA inapplicable. Appellants' complaint alleges a variety of improper conduct, but none of the conduct alleged would constitute separate unconscionable conduct under the DTPA. Appellants' complaint alleges conduct that suggests Match did an insufficient job of fulfilling its contract with members by: leaving inactive profiles visible on the site; falsely labeling inactive profiles as recently active; notifying users of romantic matches that were in fact inactive profiles; failing to vet new profiles for authenticity; and failing to remove fake or duplicate profiles. Appellants have not alleged "an act or practice which [took] advantage of [their] lack of knowledge, ability, experience, or

---

[1] The plaintiff in *Chapa* alleged a variety of other facts in support of her DTPA claim as well. *See* 212 S.W.3d at 305–06.

capacity . . . to a grossly unfair degree," Tex. Bus. & Com. Code § 17.45(5), that "could have resulted in liability even in the absence of a contract between the parties," *Crawford*, 917 S.W.2d at 13. Their allegations are essentially, as in *Crawford*, that (1) Match represented that it would perform under the contract, and (2) nonperformance means they misrepresented that they would perform under the contract. *See id.* at 14. Thus, the conduct alleged amounts to a breach of contract claim because the duties allegedly violated by Match arose solely out of the parties' contracts. *See id.* at 13. To hold Appellants' claims actionable under the DTPA "would convert every breach of contract into a DTPA claim." *Id.* at 14. Nothing in the complaint suggests that Match had no intention of fulfilling its contract; the complaint instead alleges various ways in which Match has violated the parties' contract. *See Chapa*, 212 S.W.3d at 304–05.

## B

Appellants also challenge the district court's decision to dismiss their unconscionable conduct claim with prejudice. The district court dismissed Appellants' claim with prejudice on two alternative grounds: (1) Appellants, by steadfastly asserting that their allegations were sufficient, demonstrated that further amendments to the complaint would be futile; and (2) further attempts at amendment would unnecessarily delay resolution of the case.

This Court has consistently held that, "at some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Here, various related actions against Match have been pending since December 2008. Match has filed numerous motions to dismiss in these suits, and the

No. 12-11123

various plaintiffs, including Appellants, have filed amended complaints, the consolidated amended complaint here being the latest iteration. Multiple rounds of briefing occurred regarding the motions to dismiss in this consolidated action, giving ample opportunity for Appellants to present their case, and yet Appellants did not request leave to amend until after the district court's dismissal with prejudice on October 17, 2012. Given the length of time these claims have persisted and the multiple opportunities at amendment that have passed, the district court did not abuse its discretion when it dismissed Appellants' unconscionability claim with prejudice. Appellants have had a "fair opportunity" to make their case. *See id.* Therefore, we affirm the district court's dismissal with prejudice.

## IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.