

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00013-CV

TAYLOR PLAZA, LLC, APPELLANT

V.

LUCY'S KITCHEN #2 LLC, APPELLEE

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. D-1-GN-19-006920, Honorable Jessica Mangrum, Presiding

August 27, 2025

## CONCURRING OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

I concur in the Court's judgment, but write separately to address Appellant Taylor Plaza, LLC's second issue, which I believe was waived due to inadequate briefing. Every law student learns IRAC: issue, rule, application, conclusion. Application is the roof that shelters the argument. Taylor Plaza gave us framework without cover: law without analysis. As any tenant knows, a roof with holes isn't much of a roof at all. Taylor Plaza's briefing suffers the same fate—too leaky to stand.

Our appellate rules have specific requirements for briefing. Tᴇx. R. Aᴘᴘ. P. 38. These rules require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate. Tᴇx. R. Aᴘᴘ. P. 38.1(f), (h), and (i). References to sweeping statements of general law are rarely appropriate. If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails.

Turning to Taylor Plaza's second issue, the following is the entirety of its attempt to comply with Rule 38.1:

> The Jury also found, and the Court entered judgment on, (1) a breach of contract claim in the form of the Lease, and (2) a breach of warranty claim giving rise to liability under the DTPA and Lucy's was awarded damages in the amount of $35,000 for the DTPA violation.
>
> When Plaintiff's suit is a mere breach of contract, it is not actionable under the DTPA. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006).
>
> The warranty is contained in the Lease and as a result, Appellee's claims sound in contract. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone. *Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 389–90 (Tex. App.—Texarkana 2003, pet. denied).

Taylor Plaza provided no substantive analysis beyond the above propositions of law. Moreover, its cited authorities do not support is proposition the DTPA did not apply to Lucy's Kitchen's claims. While *Chapa* does stand for the proposition a "mere breach of contract claim" may not constitute a DTPA claim, a DTPA claim may be viable in the presence of a contract when the misrepresentations constitute more than a

2

representation to perform the contract and a subsequent failure to perform. *Chapa*, 212 S.W.3d at 304; *Crawford v. Ace Sign*, 917 S.W.2d 12, 12–15 (Tex. 1996) (promises to perform did not turn nonperformance of contract into DTPA claim); *accord Bekins Moving & Storage Co. v. Williams*, 947 S.W.2d 568, 577 (Tex. App.—Texarkana 1997, no writ). While *De-Kaizered, Inc.* states an injury which results in only economic loss may be in contract only, it does not preclude additional injuries, such as tort damages, which may arise from acts outside of the contract. *See Formosa Plastics Corp. United States v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 45–48 (Tex. 1998) (expressly disapproving of restriction of damages in fraud cases to economic losses when based on contract). These authorities, in of themselves, do not support Taylor Plaza's bare assertion the DTPA was inapplicable to Lucy's Kitchen's claims. Without any analysis of the claims, the damages, and the contract at issue, Taylor Plaza waived the issue through inadequate briefing. Tex. R. App. P. 38.1(i); *Eggert v. State*, No. 03-12-00190-CV, 2013 Tex. App. LEXIS 5107, at *13 (Tex. App.—Austin Apr. 24, 2013, no pet.) (mem. op.); *Caldwell v. State ex rel. Zimmerman*, No. 03-22-00464-CV, 2024 Tex. App. LEXIS 6208, at *26 (Tex. App.—Austin Aug. 23, 2024, pet. denied) (mem. op.); *Dimock Operating Co. v. Sutherland Energy Co., LLC*, No. 07-16-00230-CV, 2018 Tex. App. LEXIS 2865, at *31 (Tex. App.—Amarillo Apr. 24, 2018, pet. denied) (mem. op.) ("To be adequately briefed, a point of error must cite relevant legal authority and provide legal argument based upon that authority.").

The basis for Lucy's Kitchen's DTPA claim was Taylor Plaza's alleged breach of the implied warranty of suitability. Therefore, the proper framework of analysis requires us to look at the allegations—whether they concern matters outside the performance of

the lease—and the disclaimer of warranty, if any, in the lease agreement. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 340–41 (Tex. 2011) (lessee did not expressly waive implied warranty of suitability in commercial lease for space used as a restaurant). If the acts alleged by the pleadings were outside the lease and the lease did not waive the implied warranty of suitability, then the DTPA claim was viable. *Chapa*, 212 S.W3d at 304; *Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 340–41.

This case began with a leaking roof, and it ends with one: Taylor Plaza's briefing. Authority without application is inadequate, and inadequate briefing results in waiver.


Alex Yarbrough
Justice

4